UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHER WAAD and EXECUTIVE CAR RENTAL,

                Plaintiffs,

v.

DMITRIY MOVSEYAN,

                Defendant.
_____/

Case No. 19-cv-12599

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## OPINION & ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (ECF NO. 6) AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION

Now before the Court is the Motion for Default Judgment filed by Plaintiffs Maher Waad and Executive Car Rental. (ECF No. 6.) Defendant Dmitryi Movseyan has not appeared in or otherwise defended this action, resulting in the Clerk of Court entering a default on December 3, 2019. (ECF No. 5.) Plaintiffs then moved for a default judgment under Federal Rule of Civil Procedure 55(b)(1). (ECF No. 5.)

This Court, however, is without power to grant the requested relief because it lacks subject matter jurisdiction. "The objection that a federal court lacks subject-matter jurisdiction may be raised . . . by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (internal

citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12.

Plaintiffs, in their Complaint, allege that the Court has jurisdiction over Count I, Hobbs Act Extortion, under 28 U.S.C. § 1331, which grants federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," and that the Court has jurisdiction over Count II, Extortion in violation of Mich. Comp. Laws § 750.213, under 28 U.S.C. § 1367, which grants federal courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." (ECF No. 1, Complaint, PgID 2, ¶ 4.)

The Hobbs Act, 18 U.S.C. § 1951, is a law of the United States, but it is "a criminal statute that does not provide a private right of action." *Stanard v. Nygren*, 658 F.3d 792, 794 (7th Cir. 2011); *see also Command v. Bank of America, N.A.*, No. 10-cv-1117, 2014 WL 4104719, at *13 (W.D. Mich. Aug. 19, 2014) (collecting cases showing consistent trend of federal courts finding that the Hobbs Act does not create a private right of action."). So, because the Hobbs Act cannot provide the basis for a civil action, there is no federal question supporting the exercise of this Court's jurisdiction over Count I of Plaintiffs' Complaint. *See Care Choices HMO v. Engstrom*, 330 F.3d 786, 788 (6th Cir. 2003) (affirming dismissal for lack of subject matter jurisdiction where federal statute in question did not

create private right of action). Consequently, there is no claim over which this Court has original jurisdiction to support the exercise of supplemental jurisdiction over the state law extortion claim in Count II. 28 U.S.C. § 1367(a).

Finally, Plaintiffs' vague allegation that "[v]enue is proper . . . through Diversity of Citizenship, as the Plaintiff engages in interstate commerce with licensed business operations in both Michigan and Florida" cannot be read to provide a basis for subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1, Complaint, PgID 3, ¶ 6.) Section 1332 requires complete diversity, "such that no plaintiff is a citizen of the same state as any defendant." *V&M Star*, *LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). All of the parties in this matter are citizens of Michigan. (ECF No. 1, Complaint, PgID 2, ¶¶ 1–3.)

This Court lacks subject matter jurisdiction over Plaintiffs' Complaint, so it "*must* dismiss the action." Fed. R. Civ. P. 12 (emphasis added). Accordingly, Plaintiffs' Motion for Default Judgment (ECF No. 6) is DENIED and the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 20, 2020  s/Paul D. Borman  
 Paul D. Borman  
 United States District Judge